IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SEVERSTAL DEARBORN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MECHEL NORTH AMERICA | ) | |
| SALES CORPORATION f/k/a | ) | |
| BLUESTONE COAL SALES CORPORATION, | ) | |
| a Delaware corporation, MECHEL BLUESTONE, | ) | |
| INC., a Delaware corporation; | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff, SEVERSTAL DEARBORN, LLC ("Severstal"), by and through its attorneys, WILLIAM C. SCHAEFER, EDWARD S. TOTH, AND BARBARA D. URLAUB of the Michigan Law Firm of DRIGGERS, SCHULTZ & HERBST, and GERALD L. MOREL and EDWARD J. UNDERHILL of the Illinois Law Firm of MASUDA, FUNAI, EIFERT & MITCHELL, LTD., and for its Complaint against Defendants, MECHEL NORTH AMERICA SALES CORPORATION, and MECHEL BLUESTONE, INC. (collectively referred to as "Defendants"), states as follows:

**INTRODUCTION**

This case arises from the Defendants' failure to satisfy their obligations under a Confidential Settlement Agreement entered into among the parties in January of 2013. The Settlement Agreement required the Defendants to pay Severstal a total of $12 million over a

three-year period and to continue to accept and honor monthly purchase orders for coal through 2013. The Defendants have breached the Settlement Agreement by failing to make the second settlement payment installment of $4 million, which was due in November of 2013. Severstal brings this action to recover the monies owed and the damages incurred as a result of the Defendants' breach of the Settlement Agreement. In the alternative, Plaintiff asserts a claim for Unjust Enrichment based on the Defendants' inducement of Plaintiff to forestall asserting timely claims for breach of certain coal supply agreements.

## JURISDICTION AND VENUE

1. Severstal is a limited liability company duly formed under the laws of the State of Delaware. Severstal has one member, Severstal Columbus Holdings, LLC ("Severstal Columbus"), which is also a Delaware limited liability company. Severstal Columbus has one member, Severstal US Holdings LLC ("SUSH"), a Delaware limited liability company. SUSH has three members: (i) Severstal Investments, LLC ("SILLC"), a Delaware limited liability company; (ii) Severstal, OAO, a corporation formed under the laws of the Russian Federation; and (iii) Severstal Trade, Ges.m.b.H. ("Severstal Trade"), a corporation formed under the laws of Austria. For purposes of establishing diversity jurisdiction, Severstal is not a citizen of either the State of Delaware or the State of West Virginia.

2. Defendant Mechel North America Sales Corporation, formerly known as Bluestone Coal Sales Corporation, is a Delaware corporation with its principal place of business at Beckley, West Virginia.

3. Defendant Mechel Bluestone, Inc., is a Delaware corporation with its principal place of business at Beckley, West Virginia.

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States (the Defendants) and citizens of a foreign state (Severstal Investments, Severstal Trade, and Severstal OAO, the foreign-based ultimate owners of Severstal).

5.     Venue is proper in this judicial district pursuant to 28 U.S. C. §1391 as the Defendants are subject to this Court's personal jurisdiction pursuant to the Confidential Settlement Agreement identified below wherein each Defendant "expressly and irrevocably" agreed to submit "to the exclusive personal jurisdiction of the United States District Court sitting in Chicago, Illinois (the 'District Court')… in connection with all disputes arising out of or in connection with this Agreement or the transactions contemplated hereby and agrees not to commence any litigation relating thereto except in such court."  Moreover, the Confidential Settlement Agreement states that the Agreement states that it is to be "interpreted and enforced under the laws of the State of *Illinois*, without application of its conflicts or choice of law rules.

## GENERAL ALLEGATIONS

6.     On or about January 2, 2013, Severstal, the Defendants, and others entered into a Confidential Settlement Agreement (the "Settlement Agreement") relating to a lawsuit filed in the state court of Delaware, Newcastle County, titled *Indiana Harbor Coke Company, et al. v. Bluestone Coal Sales Corporation*, No. N10C-03-165 (the "Newcastle Lawsuit").[1]

---

[1] The Settlement Agreement contains a Confidentiality provision (Paragraph 8) that prohibits generally the disclosure of the Agreement without the express, written consistent of the non-disclosing parties.  The controlling paragraph states that copies of the Agreement "may be provided or produced… in any dispute between or among the Parties, or any of them, in which disclosure of the Agreement and its contents (including without limitation the Guaranty) shall be necessary to establish the terms of this Agreement," notwithstanding this provision, Plaintiff, in an abundance of caution, will wait to make a copy of the Settlement Agreement part of the court file until after a protective order can be entered in the case or pursuant to an order from the Court.  Plaintiff intends to move for the entry of a protective order at the earliest possible date.

7. Pursuant to Section 4(a)(ii) of the Settlement Agreement, the Defendants agreed to pay Severstal and another group of companies (referred to herein collectively as the "SunCoke Parties") a total of $15 million for settlement of the claims asserted in the Newcastle Lawsuit. The $15 million settlement amount was to be paid in accordance with a schedule of three payments to be made over a three-year period. The initial payment of $6 million was made by the Defendants on or about December 31, 2012. Severstal received $4.8 million of that payment, in accordance with the Settlement Agreement.

8. The second installment of $5 million, of which Severstal was to receive $4 million, was required to be made on or before November 30, 2013.

9. Notwithstanding its obligation to pay Severstal $4 million on or before November 30, 2013 pursuant to the Settlement Agreement, the Defendants, and each of them, have failed and/or refused to make such payment to Severstal, and the $4 million payment remains due and owing.

10. Pursuant to Paragraph 20 of the Settlement Agreement, in the event that enforcement of the Agreement is sought through legal action, the prevailing party in such legal action shall be entitled to recovery of reasonable attorneys' fees and court costs incurred in prosecuting the action.

11. Pursuant to Paragraph 22 of the Settlement Agreement, Severstal and the Defendants expressly and irrevocably submitted to the personal jurisdiction and venue of this Court in connection with all disputes arising out of or in connection with the Agreement.

## COUNT I – BREACH OF CONTRACT

12. As and for Paragraph 12 of its Complaint, Severstal repeats and realleges paragraphs 1 through 11 above as if fully set forth herein.

13. Severstal has performed all conditions precedent to the performance of the Settlement Agreement, including the dismissal with prejudice of the Newcastle Lawsuit.

14. The Defendants' failure and/or refusal to pay the $4 million due Severstal in November of 2013 constitutes a material breach of the Settlement Agreement.

15. As a direct and proximate result of the Defendants' breach of the Settlement Agreement, Severstal has incurred damages in the amount of $4 million, plus pre-judgment interest, costs, and attorney fees.

**WHEREFORE,** Severstal Dearborn, LLC prays for judgment as follows:

A. A judgment to be entered jointly and severally against defendants Mechel North America Sales Corporation (f/k/a Bluestone Coal Sales Corporation) and Mechel Bluestone, Inc., and in favor of Severstal Dearborn, LLC, in the amount of $4 million dollars, plus pre-judgment interest to be calculated from the date first due to through the date of judgment, its attorneys' fees, costs and other damages to be proven at trial; and

B. Such other and further relief as the Court may deem just and equitable.

## COUNT II – UNJUST ENRICHMENT/QUANTUM MERUIT

16. As and for Paragraph 16 of its Complaint, Severstal repeats and realleges paragraphs 1 through 5 above as if fully set forth herein.

17. Throughout 2012, Severstal was induced by the Defendants from asserting certain claims against said defendants, as well as other parties, arising from the Defendants' breach of certain coal supply contacts.

5

18. As a consequence of the Defendants' inducement, Severstal forestalled the filing and prosecution of said claims in the Newcastle Lawsuit described in Paragraph 5 above.

19. Severstal has consequently been prejudiced in its right to assert its claims against the Defendants in a timely manner while said defendants have received a benefit in not having to defend said claims or perform their duties pursuant to said coal supply contracts.

20. The benefit received by the Defendants as a result of their actions far exceeds the monies paid to Plaintiff pursuant to the Settlement Agreement described herein, and thus, the Defendants have been unjustly enriched by an amount in excess of four million ($4,000,000.00) dollars.

21. To allow the Defendants to enjoy the benefit of their wrongful conduct is against the fundamental principles of justice, equity, and good conscience.

**WHEREFORE**, Severstal Dearborn, LLC prays for judgment as follows:

A. A judgment to be entered jointly and severally against defendants Mechel North America Sales Corporation (f/k/a Bluestone Coal Sales Corporation) and Mechel Bluestone, Inc., and in favor of Severstal Dearborn, LLC, in an amount to be proven at trial and its costs; and

B. Such other and further relief as the Court may deem just and equitable.

Dated:  May 6, 2014

          Respectfully submitted,

          **SEVERSTAL DEARBORN, LLC**

          By:     /s/ Edward J. Underhill
                One of Their Attorneys

          Edward J. Underhill
          Gerald L. Morel
          Masuda, Funai, Eifert & Mitchell, Ltd.
          203 N. LaSalle Street, Suite 2500
          Chicago, Illinois 60601-1262
          Tel.:  (312) 245-7500
          Fax:  (312) 245-7467
          eunderhill@masudafunai.com
          gmorel@masudafunai.com

          William C. Schaefer (P26495)
          Edward S. Toth (P44734)
          Barbara D. Urlaub (P38290)
          Attorneys for Plaintiff
          2600 W. Big Beaver Road, Suite 550
          Troy, Michigan 48084
          (248) 649-6000 / (248) 649-6442 (fax)
          wschaefer@driggersschultz.com
          etoth@driggersschultz.com
          burlaub@driggersschultz.com

N:\SYS08\14269\LIT\10001 Complaint Jury Demand Final.docx